UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM SHEARER,**

        **Plaintiff,**

v.                                              Case No:  6:14-cv-1658-Orl-41GJK

**ESTEP CONSTRUCTION, INC., JEFFREY ESTEP,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT AND TO DISMISS WITH PREJUDICE (Doc. No. 22)**
>
> **FILED:**      **February 11, 2015**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.**    **BACKGROUND.**

      On October 14, 2014, William Shearer (the "Plaintiff") filed a complaint (the "Complaint") against ESTEP Construction, Inc. and Jeffrey Estep (collectively, the "Defendants") alleging violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA") and a state law unjust enrichment claim. Doc. No. 1. Plaintiff is a former employee of Defendants, whose prior duties included working as truck driver from August 2013 through January 2014. Doc. No. 1 at 1. Plaintiff alleges that Defendants failed to pay Plaintiff for time spent driving a dump truck from

the job site back to Defendants' shop at the end of the working day, and that Defendants improperly deducted thirty (30) minutes per day for a lunch break when Plaintiff did not regularly take a meal break.  Doc. No. 1 at 3.

On February 11, 2015, the parties filed a Joint Motion to Approve Settlement and to Dismiss With Prejudice (the "Motion"), requesting the Court approve their General Release and Settlement Agreement (the "Agreement") (Doc. No. 22-1) and dismiss the case with prejudice.  Doc. No. 22 at 3.

**II.   LAW.**

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the only means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.  Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable.  *Id*.; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032 at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by Secretary of Labor); *Nall v. Mal-Motel, Inc.*, 723 F.3d 1304,

1306-07 (11th Cir. 2013) (the framework for *Lynn's Food* applies to settlement agreements between former employers and employees). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions of coverage and liability. *Lynn's Food*, 679 F.2d at 1354-55. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; [the Eleventh Circuit allows] the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-1592-Orl-22JGG, 2007 WL 328792 at *2 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net....")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id*. at 351-52.[2]  In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id*.  When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3]  Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4]  It is the Court's responsibility to ensure that any such allocation is

---

[2] In the Eleventh Circuit, unpublished cases are not binding, but are persuasive authority.  11th Cir. R. 36-2.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel.  Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full

reasonable. *See Silva*, 307 F. App'x at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorneys' fees and costs was set forth in *Bonetti v. Embarq Management Co.*, Case No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 2009 WL 2371407, at *5 (emphasis added). Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

---

compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

**III.    ANALYSIS.**

This case involves disputed issues of liability, the amount damages, and entitlement to liquidated damages under the FLSA, which constitutes a bona fide dispute.  Doc. Nos. 1, 9, 22. *See Lynn's Food*, 679 F.2d at 1354.  The parties are represented by independent counsel, who are obligated to vigorously represent their clients.  *See* Doc. Nos. 1, 9, 22.

The Agreement provides:

> The parties agree that if any provision of this Agreement or any part of any provision of this Agreement, other than the waiver and [general] release provision in paragraph IV, is found to be invalid by a court of competent jurisdiction, such finding shall not affect the validity of any other provision or part of this Agreement.

Doc. No. 22-1 at 6 ¶ VI.  Thus, Agreement's general release provisions are non-severable, and they warrant further discussion. *Id*.  The Agreement contains mutual general releases in which the parties release each other "from any and all claims or demands of any kind or nature that [they] once had or now have through the Effective date of this Agreement."  Doc. No. 22-1 at 4-5.

In *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010), the Honorable Steven D. Merryday held that "a pervasive release in settlement of an FLSA action is both unfair and incapable of valuation." *Id*. at 1352.  In *Bright et. al. v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012), the Honorable Roy B. Dalton adopted Judge Merryday's reasoning in *Moreno*. *Id*. at *4.  Judge Dalton stated that "[p]ervasive, overly broad [general] releases have no place in settlements of most FLSA claims." *Id*.  Judges following the reasoning of *Moreno* and *Bright* will not approve an FLSA settlement agreement containing a pervasive general release.  Thus, due to the non-severability of the general release clause, if the Court were to find it unenforceable, the Court must deny the Motion.

However, Courts have approved settlement agreements that contain mutual or reciprocal general releases. *See Bacorn v. Palmer Auto Body & Glass, LLC*, No. 6:11-cv-1683-Orl-28KRS, 2012 WL 6803586 (M.D. Fla. Dec. 19, 2012) (report and recommendation adopted, 2013 WL 85066 (M.D. Fla. Jan. 8, 2013) (approving settlement agreement where employee signed a general release in exchange for a mutual release from employer); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-Orl-36KRS, 2012 WL 2191299, at *2-3 (M.D. Fla. May 31, 2012), report and recommendation adopted, 2012 WL 219492 (M.D. Fla. Jun. 14, 2012) (approving settlement where general release by employee was exchanged for a mutual release by employer). In this case, because the terms of the parties' releases are essentially identical (*see* Doc. No. 22-1 at 4-5), the parties are no longer in an employment relationship, they are also settling a state law claim, and they are represented by counsel, the undersigned is persuaded that the inclusion of the reciprocal releases in this case does not negatively affect the fairness of parties' settlement. *See generally Nall*, 723 F.3d at 1307 (where the parties are no longer engaged in an employment relationship the concern set forth in *Lynn's Food* about the relative inequalities between the parties is not as great a concern).

With respect to the amount of the settlement, the parties reached a settlement before Plaintiff was required to file answers to the Court's interrogatories. *See* Doc. Nos. 11, 18, 22. In the Agreement, Plaintiff will receive $2,000.00 for "consideration of the alleged unpaid overtime compensation and unjust enrichment claims." Doc. No. 22-1 at 2. In the Motion, Plaintiff states that he agreed to compromise his claim for liquidated damages after concluding that Defendants did not willfully violate the FLSA and after considering Defendants' affirmative defenses. Doc. No. 22 at 2. Based on the undersigned's review of the available record and the Agreement, it appears the compensation Plaintiff will receive under the Agreement is fair and reasonable.

Plaintiff's counsel will receive $4,000.00 in attorneys' fees and costs under the Agreement. *See* Doc. No. 22-1 at 2. In the Motion, the parties represent that the "negotiated settlement amount for attorneys' fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff." Doc. No. 22 at 3. Given the record in this case, there is no reason to believe Plaintiff's recovery is adversely affected by the amount of attorneys' fees and costs to be paid to Plaintiff's counsel. *See Bonetti*, No. 6:07-cv-1335, 2009 WL 2371407, at *5.

Based on the forgoing, it is **RECOMMENDED** that the Court find that the Agreement reflects a fair and reasonable compromise under the FLSA.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 22) be **GRANTED** and the Court approve the parties' settlement as fair and reasonable;

2. The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on April 1, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy