UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM SHEARER,**

        **Plaintiff,**

v.                                             **Case No:  6:14-cv-1658-Orl-41GJK**

**ESTEP CONSTRUCTION, INC. and
JEFFREY ESTEP,**

        **Defendants.**
_____/

# ORDER

THIS CAUSE is before the Court on the parties' Joint Motion to Approve Settlement and to Dismiss With Prejudice (the "Joint Motion," Doc. 22). United States Magistrate Judge Gregory J. Kelly submitted a Report and Recommendation (the "R&R," Doc. 23), which recommends that this Court (1) find that the parties' Settlement Agreement (Doc. 22-1) is a fair and reasonable compromise under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and (2) grant the Joint Motion, thereby approving the Settlement Agreement. Thereafter, the parties filed a Joint Notice of Non-Objection to Report and Recommendation (Doc. 24). For the reasons set forth below, the Joint Motion will be denied, and the R&R will be accepted in part and rejected in part.

## I. BACKGROUND

From August 2013 through January 2014, Plaintiff worked as a dump truck driver for Defendant Estep Construction, Inc., which, at that time, was owned and operated by Defendant Jeffrey Estep. (Compl., Doc. 1, ¶¶ 2, 8, 13). According to Plaintiff, Defendants "provide[] general contracting services for residential and commercial construction projects," and as an employee,

Plaintiff's duties included driving dump trucks between job sites and Defendants' shop. (*Id.* ¶¶ 11, 17, 23). Plaintiff alleges that Defendants failed to pay Plaintiff required overtime compensation. (*Id.* ¶¶ 16, 21, 27–28). Specifically, Plaintiff contends that Defendants miscalculated the number of hours that Plaintiff worked by failing to include time "spent driving Defendant[s'] dump truck from the job site back to Defendant[s'] shop at the end of the work day" and by deducting thirty minutes "per day for a meal break that Plaintiff did not regularly take." (*Id.* ¶¶ 17–18). The necessary assumption seems to be that, if those hours had been accounted for, Plaintiff would have worked more than forty hours in a given week and that Plaintiff was not sufficiently compensated for the excess hours.

On October 14, 2014, Plaintiff initiated this case by filing the Complaint, whereby Plaintiff sets forth a claim for overtime compensation under the FLSA and a claim for unjust enrichment under state common law. Defendants filed an Answer (Doc. 9), in which they contend that they "did not willfully violate and, in fact, acted in good faith regarding the requirements of the FLSA." (*Id.* at 5). Thereafter, the parties settled, (*see* Jan. 21, 2015 Notice, Doc. 18), and on February 11, 2015, the parties jointly moved for approval of their Settlement Agreement.

By way of the Settlement Agreement, Defendants are to pay $6,000.00—of which $2,000.00 will be paid to Plaintiff, and $4,000.00 will be paid to Plaintiff's Counsel. (Settlement Agreement at 2). According to the parties, Plaintiff "is receiving any and all overtime pay or other wages that [Plaintiff] believes he is due." (Joint Mot. at 2).[1] Plaintiff has nonetheless forgone liquidated damages, purportedly as a result of the defenses raised in Defendants' Answer. (*Id.*).

---

[1] The parties failed to file answers to the Court's interrogatories, which require an accounting of Plaintiff's claim. (*See* Scheduling Order, Doc. 11, at 5). Coincidentally, Plaintiff filed its notice of settlement on the same day that those answers were due. (*See id.* at 2).

The Settlement Agreement also contains a pervasive, general release, which states in pertinent part:

> IV. COMPLETE RELEASE
>
> A. Release by PLAINTIFF. In exchange for the consideration described in paragraph II above and throughout this Agreement, PLAINTIFF . . . releases DEFENDANTS . . . from any and all claims or demands he had or may now have (through the Effective Date of this Agreement as defined in paragraph XIV below) against the RELEASED PARTIES for any reason. . . . PLAINTIFF ACKNOWLEDGES, AGREES AND UNDERSTANDS THAT THIS RELEASE IS A FULL AND FINAL BAR TO ANY AND ALL CLAIMS OF ANY TYPE THAT HE HAD, OR MAY NOW HAVE, AGAINST THE RELEASED PARTIES UP THROUGH THE EFFECTIVE DATE OF THIS AGREEMENT.
>
> B. Release by DEFENDANTS. In exchange for the consideration set forth herein, DEFENDANTS release PLAINTIFF from any and all claims or demands of any kind or nature that DEFENDANTS once had or now have through the Effective Date of this Agreement as defined in paragraph XIV below against PLAINTIFF. DEFENDANTS ACKNOWLEDGE, AGREE, AND UNDERSTAND THAT THIS RELEASE IS A FULL AND FINAL BAR TO ANY AND ALL CLAIMS OF ANY TYPE THAT THEY HAD, OR MAY NOW HAVE, AGAINST THE PLAINTIFF UP THROUGH THE EFFECTIVE DATE OF THIS AGREEMENT.

(Settlement Agreement at 3–5). The release is non-severable. (*See id.* at 6). In the R&R, Judge Kelly recommends that the Settlement Agreement be approved, and the parties have notified the Court that they do not object to that recommendation.[2]

## II. DISCUSSION

The parties argue that there is a bona fide dispute as to liability and that the Settlement Agreement is a fair and equitable resolution of this case. In that vein, the parties request that the

---

[2] The Court may undertake a *de novo* review of the Joint Motion even if neither party objected to the R&R. *See Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006).

Court approve their Settlement Agreement. Nevertheless, the pervasive, general release in the Settlement Agreement precludes a fairness determination, and the parties' request will be denied.

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 prescribes a federally-mandated minimum hourly wage, and § 207 prescribes an overtime compensation rate of "one and one-half times the regular rate" for each hour worked in excess of forty hours within a given workweek.

The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). Thus, in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit held that, for civil actions "brought directly by employees against their employer under [§] 216(b) to recover back wages for FLSA violations," such actions may only be compromised or settled following "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, . . . is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355. Thus, "[i]f a settlement in an employee FLSA suit does reflect a reasonable

compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the Eleventh Circuit permits "the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Nevertheless, "*Lynn's Food* neither prescribes a method for 'approving' an FLSA compromise nor identifies any factor for evaluating the 'fairness' of the compromise." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1349 (M.D. Fla. 2010).

### A.    General Releases

The parties do not specifically address the fairness of the Settlement Agreement's general release, which provides that each party releases the other "from any and all claims or demands he had or may now have . . . against [the other party] for any reason." (Settlement Agreement at 4–5). On recommendation, Judge Kelly notes that there is no consensus in the Middle District of Florida regarding the permissibility of such overly-broad, general releases in FLSA settlements. (*See* R&R at 6–7 (*comparing Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012), *and Moreno*, 729 F. Supp. 2d at 1350–52, *with Bacorn v. Palmer Auto Body & Glass, LLC*, No. 6:11-cv-1683-Orl-28KRS, 2012 WL 6803586, at *2 (M.D. Fla. Dec. 19, 2012), *and Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-Orl-36KRS, 2012 WL 2191299, at *2–3 (M.D. Fla. May 31, 2012))). Ultimately, the R&R recommends that this Court find that the general release is not unfair because "the parties' releases are essentially identical" and because the parties—"are no longer in an employment relationship"; "are also settling a state law claim"; and "are represented by counsel." (*Id.* at 7). Respectfully, this Court disagrees.

In *Moreno v. Regions Bank*, the parties sought judicial approval of their settlement agreement, which purported to settle the plaintiff's FLSA claim and required that the plaintiff

waive "any and all claims of any nature whatsoever . . . known or unknown." 729 F. Supp. 2d at 1346–47. United States District Judge Steven D. Merryday held that such a release was unfair and declined approval. *Id.* at 1352–53. Particularly, Judge Merryday noted that "[a]n employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled." *Id.* at 1351. Judge Merryday further observed that such releases are incapable of valuation and unfairly leverage the employee's FLSA claim to effect a release of non-FLSA claims. *Id.* at 1351–52. In *Bright v. Mental Health Resource Center, Inc.*, United States District Judge Roy B. Dalton made similar observations: (1) such general releases provide a windfall to employers "should some unknown claim accrue to the employee at a later time," and (2) "the indeterminate nature of general releases also prevents the Court from being able to evaluate the claims that have been waived by employees, thereby making a fairness determination difficult if not impossible." 2012 WL 868804, at *4. Judge Dalton held that "[p]ervasive, overly broad releases have no place in settlements of most FLSA claims." *Id.*

Here, like in *Moreno* and *Bright*, the pervasive, general release in the parties' Settlement Agreement precludes a fairness determination. The fundamental impediment relates to the valuation of unknown claims. At the most basic level, a general release comprehends the parties' desire for complete disengagement, the value of which, for the plaintiff, exceeds the expected value of the forgone claims. In non-FLSA cases, the plaintiff's internal valuation process is immune from judicial scrutiny. However, in FLSA cases, the court is tasked with determining the fairness of the settlement, *see Lynn's Food*, 679 F.2d at 1355, which requires judicial assessment of the proposed consideration, including forgone claims. Where, as here, the plaintiff releases "any and all claims . . . he had or may now have," (Settlement Agreement at 4), that task is "difficult if not

impossible," *Bright*, 2012 WL 868804, at *4. Particularly, Plaintiff purports to be owed $4,000.00 under the FLSA, which includes $2,000.00 for overtime compensation and $2,000.00 for liquidated damages. According to the parties, Defendants have raised a bona fide dispute as to liability, and as a result, Plaintiff has agreed to accept $2,000.00, *minus the value of the forgone, unknown claims*. Based on the limited record, the Court lacks any guidance regarding the probability or the value of the released claims; thus, the Court cannot determine, within any reasonable degree of certainty, the expected value of such claims. Therefore, the release precludes a fairness determination.

To be sure, the mutuality of the general release does little to resolve the issue. Particularly, Defendants purport to release Plaintiff from "any and all claims . . . of any kind or nature." (Settlement Agreement at 5). While Defendants' reciprocal release confers a benefit upon Plaintiff, that release is equally as indeterminate as Plaintiff's release, and for the reasons stated above, the Court is unable to undertake a fairness determination. Moreover, the parties' settlement of Plaintiff's state law claim for unjust enrichment does not negate *Lynn's Food* 's judicial approval requirement. As noted, the release of non-FLSA claims is generally not subject to judicial scrutiny. However, where, as here, the state law claim mimics the FLSA claim and pursues the same relief based on the same conduct, the release of the state law claim does not render judicial scrutiny unnecessary.

In sum, based on the record thus far, the Settlement Agreement's pervasive, general release evades assessment. As a result, the Court cannot determine whether the terms of the Settlement Agreement indicate a fair and reasonable resolution over FLSA liability. The R&R will be rejected to the extent it recommends otherwise, and the parties' Joint Motion will be denied without prejudice.

### B.     Remaining Terms

The R&R also recommends that the remaining terms of the Settlement Agreement be approved. The Court agrees, and the R&R will be accepted to that extent.

### III.    CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The parties' Joint Motion to Approve Settlement and to Dismiss With Prejudice (Doc. 22) is **DENIED without prejudice**.

2. The Report and Recommendation (Doc. 23) is **ACCEPTED in part** and **REJECTED in part**.

3. On or before **June 3, 2015**, the parties shall: (1) file an amended joint motion for settlement approval in accordance with the above or (2) file a report as to the status of any pending settlement agreement or further litigation in this case.

**DONE** and **ORDERED** in Orlando, Florida on May 20, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record